[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Appellant Solbin Nickholas Nevins, a minor, appeals his adjudication for delinquency. In exchange for the state dismissing a claim that Nevins had employed a deadly weapon to effect the robbery of a Cincinnati restaurant employee, Nevins entered an admission to an offense that would have been punishable as a second-degree felony if it had been committed by an adult. The juvenile court conducted the required colloquy, accepted the admission, adjudicated Nevins to be a delinquent child, and committed him to the legal custody of the Ohio Department of Youth Services for an indefinite term of at least twelve months but not to exceed his attainment of the age of twenty-one years.
 {¶ 3} Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Nevins's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Nevins's appeal. Appellate counsel has communicated his conclusion to Nevins and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. 1396.
 {¶ 4} Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also, Freels v. Hills (C.A.6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Nevins. The record reflects that the juvenile court, pursuant to Juv.R. 29, ensured that Nevins's admission was made knowingly and voluntarily. We, therefore, overrule counsel's motion to withdraw from his representation of Nevins and affirm the judgment of the juvenile court.
 {¶ 5} Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But, because of Nevins's indigency, we allow no penalty.
 {¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the juvenile court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.